UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| WILLIAM WILLIAMS, | Case No. 3:22-cv-00018-RCJ-CLB |
|---|---|
| Plaintiff, | SCREENING ORDER ON FIRST AMENDED COMPLAINT (ECF No. 8) |
| v. | |
| DR. HULKI, | |
| Defendant. | |

On July 26, 2022, the Court screened Plaintiff's civil rights complaint under 28 U.S.C. § 1915A. (ECF No. 6.) The Court dismissed the complaint in its entirety with leave to amend by August 25, 2022. (*Id.* at 8.) Plaintiff subsequently filed a first amended complaint ("FAC"). (ECF No. 8.) The Court accepts the FAC as the operative complaint in this case. The Court now screens the FAC under 28 U.S.C. § 1915A.

I.   **SCREENING STANDARD**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act (PLRA), a federal court must dismiss a prisoner's claim, if "the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who

is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id*.

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

Finally, all or part of a complaint filed by a prisoner may be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II.   SCREENING OF FAC

In the FAC, Plaintiff sues Dr. Hulki for events that took place while he was incarcerated at Northern Nevada Correctional Center ("NNCC"). (ECF No. 8 at 1-2.) Plaintiff brings one claim and seeks monetary, declaratory, and injunctive relief. (*Id.* at 4, 9.)

The FAC alleges the following. As of December 2020, Plaintiff suffered from a "serious medical condition" that required "immediate surgery." (*Id.* at 3.) Plaintiff does not describe the "serious medical condition" in the FAC. Dr. Hulki, the "Doctor of Orthopedics at NNCC Regional Medical Facility," refused to give Plaintiff "medical attention" because of his "age" and "sentence structure." (*Id.* at 2-3.) Dr. Hulki also "denied" treatment because the surgery would be "expensive." (*Id.* at 3.) The delay in scheduling the surgery has caused Plaintiff to suffer injuries to his "left arm and hand," as well as "pain, mental anguish, and loss of daily activities." (*Id.* at 4.)

Based on these allegations, Plaintiff asserts an Eighth Amendment claim against Dr. Hulki for deliberate indifference to serious medical needs. (*Id.*) The Eighth Amendment prohibits the imposition of cruel and unusual punishment and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity, and decency.'" *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). A prison official violates the Eighth Amendment when he acts with "deliberate indifference" to the serious medical needs of an inmate. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). "To establish an Eighth Amendment violation, a plaintiff must satisfy both an objective standard—that the

deprivation was serious enough to constitute cruel and unusual punishment—and a subjective standard—deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012).

To establish the first prong, "the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal quotations omitted). To satisfy the deliberate indifference prong, a plaintiff must show "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Id*. "Indifference may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *Id*. (internal quotations omitted). When a prisoner alleges that delay of medical treatment evinces deliberate indifference, the prisoner must show that the delay led to further injury. *See Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (holding that "mere delay of surgery, without more, is insufficient to state a claim of deliberate medical indifference").

Plaintiff fails to state a colorable claim for deliberate indifference to serious medical needs. First, Plaintiff fails to sufficiently allege that he had serious medical needs. He vaguely asserts that he suffered from a "serious medical condition" that required "immediate surgery." (ECF No. 8 at 3.) But he includes no information about the nature of his condition. Thus, Plaintiff has not alleged facts sufficient to show that the "failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Jett*, 439 F.3d at 1096. Second, Plaintiff fails to adequately allege that Dr. Hulki was deliberately indifferent to his serious medical needs. Plaintiff does not describe how and when he made Dr. Hulki aware of his need for treatment. Nor does he elaborate on his conclusory assertion that Dr. Hulki declined to give him "medical attention" because of his "age" and "sentence structure." (ECF No. 8 at 3.) In short, Plaintiff's allegations are too vague to state a colorable Eighth Amendment claim. *See*

*Ramirez v. Corizon Health*, No. 19-cv-05799-DGC-JZB, 2020 WL 1866127, at *4 (D. Ariz. Apr. 14, 2020) (dismissing Eighth Amendment claim because plaintiff failed to "clearly describe the conditions for which he sought treatment, when and how he made Defendant [ ] aware of his need for treatment, and how (or when) Defendant [ ] responded"). Thus, the Court dismisses the Eighth Amendment claim without prejudice and with leave to amend.

Plaintiff is granted leave to file a second amended complaint to cure the deficiencies of the FAC. If Plaintiff chooses to file a second amended complaint, he is advised that a second amended complaint supersedes (replaces) the FAC and, thus, the second amended complaint must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal). Plaintiff's second amended complaint must contain all claims, defendants, and factual allegations that Plaintiff wishes to pursue in this lawsuit. Moreover, Plaintiff should file the second amended complaint on this Court's approved prisoner civil rights form, and it must be entitled "Second Amended Complaint."

The Court notes that if Plaintiff chooses to file a second amended complaint curing the deficiencies outlined in this order, he must file the second amended complaint within 30 days from the date of entry of this order. If Plaintiff chooses not to file a second amended complaint curing the stated deficiencies, the Court will dismiss this case without prejudice for failure to state a claim.

### III. CONCLUSION

It is therefore ordered that the FAC (ECF No. 8) is the operative complaint in this action.

It is further ordered that the FAC (ECF No. 8) is dismissed in its entirety without prejudice and with leave to amend.

It is further ordered that, if Plaintiff chooses to file a second amended complaint curing the deficiencies of the FAC, as outlined in this order, Plaintiff must file the second amended complaint within 30 days from the date of entry of this order.

It is further ordered that the Clerk of Court will send to Plaintiff the approved form for filing a § 1983 complaint, instructions for the same, and a copy of his FAC (ECF No. 8). If Plaintiff chooses to file a second amended complaint, he should use the approved form and he will write the words "Second Amended" above the words "Civil Rights Complaint" in the caption.

It is further ordered that, if Plaintiff chooses to file a second amended complaint, the Court will screen the second amended complaint in a separate screening order. The screening process will take several months.

It is further ordered that, if Plaintiff fails to file a second amended complaint curing the deficiencies outlined in this order, this action will be dismissed without prejudice for failure to state a claim.

DATED: October 6, 2022.

_____
UNITED STATES DISTRICT JUDGE